UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD CHARLES GENTRY,

      Plaintiff,

                                        Case No. 1:24-cv-240

v.

                                        Hon. Hala Y. Jarbou

GRAND PRAIRIE HEALTHCARE
SERVICES, P.C., et al.,

      Defendants.

_____/

## **ORDER**

Plaintiff Richard Gentry is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC).  He brought this action under 42 U.S.C. § 1983 against several MDOC employees and contractors, including Nurse Brandi Avery.  He claims that Avery violated his Eighth Amendment rights by not providing proper medical treatment.  Gentry and Avery filed cross-motions for summary judgment.  On January 26, 2026, the magistrate judge entered a report and recommendation (R&R) that the Court grant Avery's motion and deny Gentry's motion. (R&R, ECF No. 131.)  Before the Court are Gentry's objections to the R&R (ECF No. 135).

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Gentry first objects to the magistrate judge's summary of facts gleaned from Gentry's medical records.  He contends that the records contain false statements, but he does not provide any examples.  He also contends that the records are unreliable and that the Court should allow the

jury to decide any facts asserted in those records.  To the extent Gentry contends that the records are hearsay, he did not raise that objection to the magistrate judge.  "[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Consequently, Gentry has forfeited that argument.  *See Odell v. Kalitta Air, LLC,* 107 F.4th 523, 533 (6th Cir. 2024) (deeming arguments to be forfeited when raised for the first time in objections to an R&R).

At any rate, the portion of the medical records discussed by Gentry is not hearsay.  Hearsay consists of out-of-court statements offered for "the truth of the matter asserted."  Fed. R. Evid. 801(b), (c).  Gentry objects to records that describe his medical history.  Avery did not offer these records to establish the truth of the matter asserted about that history.  She offered them to show what she would have known about Gentry when he sought medical treatment.  When offered for that purpose, the records are not hearsay.  *See Branscumb v. Horizon Bank*, No. 24-1357, 2025 WL 48106, at *2 (6th Cir. Jan. 8, 2025) ("A statement used to establish its effect on a listener is not hearsay because the statement's underlying truth is beside the point.").  Thus, the magistrate judge could rely on those records when deciding Avery's motion.

Gentry also objects to the notion that Avery treated him for his conditions.  Gentry suffers from chronic back pain.  Avery responded to his concerns by telling him to follow the plan of care recommended by another medical provider for alleviating that pain (including taking pain medication, using a warm compress, and doing stretches), and to follow up with medical staff if he continued to experience pain.  (R&R  3–4.)  After speaking with Avery, Gentry submitted a medical kite and met another medical provider the following day.  (*Id.* at 4.)  The magistrate judge reasoned that Avery is entitled to summary judgment because Gentry had not shown that his

2

condition was sufficiently serious that it required immediate intervention by Avery.  Also, Gentry did not provide the medical evidence necessary to show that Avery's decision to follow the prescribed plan of care was so grossly inadequate that it amounted to cruel and unusual conduct, or to show that Gentry suffered harm due to a possible delay in additional treatment.  (R&R 7–8.)

Gentry argues that Avery did not treat him because medical treatment necessarily involves trying to cure a condition rather than merely treating its symptoms.  The Court is aware of no legal support for that narrow definition of treatment.  In fact, the Court of Appeals has held that treating back pain with over-the-counter medication is not an Eighth Amendment violation.  *See Moses v. Coble*, 23 F. App'x 391, 392 (6th Cir. 2001) (concluding that a prisoner's dissatisfaction with "the defendants' decision to respond to his back pain with over-the-counter medication . . . does not implicate Eighth Amendment concerns").

Gentry also objects that he was not given a "home exercise plan" as described in the medical records, and that he did not possess a warm compress.  He provides no evidence for these assertions, however.  Unsupported statements do not create a genuine dispute of material fact that defeats Avery's motion for summary judgment.

In short, Gentry' objections are meritless.  Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 131) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Avery's motion for summary judgment (ECF No. 122) is **GRANTED**.

**IT IS FURTHER ORDERED** that Gentry's motion for summary judgment against Avery (ECF No. 117) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Avery is **DISMISSED WITH PREJUDICE**.


Dated: March 16, 2026                              /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   CHIEF UNITED STATES DISTRICT JUDGE