UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CHARLES GENTRY,

      Plaintiff,

                                    Case No. 1:24-cv-240

v.

                                      Hon. Hala Y. Jarbou

GRAND PRAIRIE HEALTHCARE
SERVICES, P.C., et al.,

      Defendants.

_____/

## ORDER

Plaintiff Richard Charles Gentry has filed a motion for summary judgment and Defendant Rickey Coleman has filed a motion to dismiss the complaint.  After Coleman's co-defendant filed a motion for summary judgment, the magistrate judge gave the parties notice that it intended to grant summary judgment to Defendant Coleman, in accordance with Rule 56(f) of the Federal Rules of Civil Procedure.  (1/22/2026 Order, ECF No. 130.)  Plaintiff responded to that notice (ECF No. 132).  On March 19, 2026, the magistrate judge entered a Report and Recommendation (R&R) that the Court grant summary judgment to Defendant Coleman, deny Plaintiff's motion for summary judgment, and deny Defendant Coleman's motion to dismiss as moot.  (R&R, ECF No. 138.)  Plaintiff has objected to the R&R (ECF No. 143).

Under Federal Rule of Civil Procedure 72,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff makes several objections that are not supported by an explanation that permits the Court to discern the basis for an error in the R&R.  For instance, Plaintiff objects to the magistrate

judge's summary of facts,  contending that it is "dictum." (Pl.'s Objs. 1.)  But that contention does not identify any error in the R&R.

Plaintiff also objects to the magistrate judge's assertion that he received treatment for his degenerative disc disease.  He contends that the only "treatment" he has received is examination and diagnosis.  But his medical records indicate otherwise.  As discussed in the R&R, Plaintiff's treatment has included surgery, pain medication, and a recommendation to try an exercise program and stretches.  (*See* R&R 2–3.)  Contrary to Plaintiff's assertion, the Eighth Amendment does not necessarily require prison medical officials to take steps to effect a *cure* for a medical condition. Adequate treatment can involve steps to ameliorate pain.  That is especially true where, as here, the pain arises from a chronic back condition and surgical intervention has already taken place. *See Moses v. Coble*, 23 F. App'x 391, 392 (6th Cir. 2001) (concluding that a prisoner's dissatisfaction with "the defendants' decision to respond to his back pain with over-the-counter medication . . . does not implicate Eighth Amendment concerns").  Indeed, Plaintiff does not point to a treatment that would "cure" his condition.

Plaintiff contends that the magistrate judge mischaracterized a statement by Physician Assistant (PA) Ouellette,  who purportedly told Plaintiff on May 18, 2022, that "protocol" required her to "begin with x-rays, physical therapy and an EMG." (R&R 2.)  Plaintiff contends she told him that she needed to "start over." (Pl.'s Objs.2.)  But the magistrate judge accurately described Plaintiff's complaint, which alleges that Ouellette told Plaintiff that "'protocol' required that she start with x-rays, physical therapy, and EMG." (Compl., ECF No. 1, PageID.7.)  And at any rate, Ouellette's statement has little, if any, relevance to Plaintiff's claim against Coleman.

Next, Plaintiff argues there is no genuine dispute that Dr. Coleman "interrupted" a plan of treatment prescribed by PA Ouellette. (Pl.'s Objs. 2.)  Nevertheless, as explained in the R&R, that

interruption does not suffice to establish deliberate indifference by Coleman.  Plaintiff offers no support for his contention that Dr. Coleman prescribed an alternative treatment plan for non-medical reasons.

Plaintiff apparently objects to the magistrate judge's conclusion that Plaintiff visited the pain clinic on February 6, 2024, and was prescribed Naproxen pain medication by Nurse Practitioner (NP) Groff.  (R&R 3.)  Those facts are contained in Plaintiff's medical records.  (*See* ECF No. 123-2, PageID.1040–43.)  Plaintiff offers no evidence to dispute them, so his objection is meritless.

Next, Plaintiff accuses the magistrate judge of acting as an "agent" for Defendants and argues that she should recuse herself.  (Pl.'s Objs. 2.)  He provides no support for this assertion, or any evidence suggesting that recusal is warranted.  He appears to be dissatisfied with the magistrate judge's decision to enter summary judgment in favor of Defendant Coleman without a motion from Coleman, but Rule 56(f) permitted that approach.  Moreover, judicial rulings "almost never constitute a valid basis" for asserting partiality or bias by a judge.  *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal." *Id.*

Plaintiff also objects to the magistrate judge's recitation of the principle that a patient's disagreement with his physician over the proper course of treatment is a basis for a medical malpractice claim, not a basis for a constitutional claim under 42 U.S.C. § 1983.  (*See* R&R 7.)  Plaintiff argues that this principle does not apply here because Dr. Coleman was not his personal physician.  Instead, Coleman was an employee of an entity contracted to provide healthcare to prisoners.  However, the principle recited by the magistrate judge applies to all prison healthcare providers.

3

Finally, Plaintiff asserts that he continues to suffer back pain.  In his view, that continuing pain establishes that Dr. Coleman violated Plaintiff's Eighth Amendment rights.  The Court disagrees, for reasons stated herein and in the R&R.  In short, the Eighth Amendment does not require prison healthcare providers to eliminate all of Plaintiff's pain.  Instead, it requires them not to cause Plaintiff to suffer "unnecessary and wanton infliction of pain," which means not acting in a way that evinces "'deliberate indifference to serious medical needs.'"  *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  Plaintiff has not shown that Dr. Coleman was deliberately indifferent to Plaintiff's serious medical needs.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 138) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 118) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Coleman is **DISMISSED WITH PREJUDICE** because he is entitled to summary judgment.

**IT IS FURTHER ORDERED** that Defendant Coleman's motion to dismiss (ECF No. 109) is **DENIED** as moot.

Because the Court has dismissed all of Plaintiff's claims, the Court will enter a judgment dismissing the case.

Dated: April 13, 2026                    /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE

4